IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEINATH DE'MARIO AVERY, #62467                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:11-cv-56-DCB-JMR

CHRISTOPHER EPPS and
JACQUELYN BANKS, Warden                                 DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court, <u>sua</u> <u>sponte</u>, for consideration of dismissal.  Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 on April 11, 2011.  In his complaint, Plaintiff states that he is an inmate incarcerated in the Wilkinson County Correctional Facility, Woodville, Mississippi.  The named Defendants are Christopher Epps and Jacquelyn Banks.  Plaintiff seeks as relief the re-calculation of his sentence to reflect a credit of the following:  trusty status, pre-trial jail time and 15% deduction according to the 85% state law.

<u>Background</u>

Plaintiff states in his complaint that he received a one-year sentence for escape in April 1999 and a consecutive sentence of 23-years for the sale of cocaine.  According to Plaintiff, he completed his one-year sentence for escape in 2000.  Compl. [1] p.7.  However, he was not considered or placed in 10/30 trusty status prior to April 28, 2004.  Moreover, he has not been credited with pre-trial jail time or with a 15% deduction of his sentence allowed by the 85% state law.  <u>Id.</u>  As a result of his sentence not being properly calculated, Plaintiff argues that he is scheduled to

serve 18 years of his 24-year sentence which he alleges is an excessive amount of time to serve. Id. at p.8.  Consequently, Plaintiff has filed the instant civil action.

<u>Analysis</u>

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings <u>in forma pauperis</u> and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted <u>in forma pauperis</u> status, Section 1915(e)(2) applies to the instant case.  As discussed below, Plaintiff's § 1983 action at this time fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Initially, this Court must decide whether Plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983.  Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.  <u>Carson v. Johnson</u>, 112 F.3d 818, 820 (5th Cir. 1997) (citing <u>Cook v. Texas Dept. of Crim. Just. Planning Dept.</u>, 37 F.3d 166, 168 (5th Cir. 1994)). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  <u>Id</u>.

(citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)).

If proven, Plaintiff's claim that his sentence should be credited with his trusty status, with pre-trial jail time and with a 15% deduction, could result in Plaintiff receiving an early release.  With this in mind, this Court has determined that Plaintiff must first pursue this cause by filing a petition for habeas relief.

Since Plaintiff must pursue this matter through habeas corpus, Plaintiff is required to exhaust his available state remedies prior to filing a petition for habeas relief in this court.  Preiser v. Rodriquez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983).  Since Plaintiff does not allege that he has presented a claim relating to the calculation of his sentence to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).  Therefore, this complaint will not be liberally construed as a petition for habeas corpus relief and will be dismissed.

Plaintiff has an available state remedy to pursue the instant claim that his sentence has not been properly calculated by filing a request with the Mississippi Department of Corrections administrative process.  See Murphy v. State, 800 So.2d 525 (Miss.Ct.App. 2001).  In the event Plaintiff does not receive the requested relief through the prison administrative remedies

procedure, he may then pursue his claim in state court.  <u>Id.</u>  Once he has exhausted his available state remedies, and if he does not receive the requested relief in state court, Plaintiff may then file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court.

<u>Conclusion</u>

Liberally construing this complaint, this Court finds that Plaintiff is putting into issue the fact of his confinement. Consequently, Plaintiff has failed to present a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

<u>Three-strikes</u>

Since this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it will be counted as a "strike".  <u>See</u> 28 U.S.C. § 1915(g).  If Plaintiff receives "three strikes," he will be denied <u>in forma pauperis</u> status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order shall issue.

This the <u>25th</u> day of May, 2011.

                    s/David Bramlette
                    UNITED STATES DISTRICT JUDGE